UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fair Housing Justice Center, Inc., <br><br><br>Plaintiff, <br><br>v. <br><br>Harbor View Senior Living Residence, LLC; Amber Court of Brooklyn, LLC; Lakehaven Equities, Inc.; Judith Lynn Home for Adults, LLC; Amber Court of Westbury, LLC; Amber Court of Westbury II, LLC; Amber Court @ Suffolk County LLC, <br><br>Defendants. | 24 Civ. 4535 (KPF) <br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

On consent of Plaintiff Fair Housing Justice Center (hereinafter "Plaintiff"), and Defendants Harbor View Senior Living Residence, LLC; Amber Court of Brooklyn, LLC; Lakehaven Equities, Inc.; Judith Lynn Home for Adults, LLC; Amber Court of Westbury, LLC; Amber Court of Westbury II, LLC; Amber Court @ Suffolk County LLC (hereinafter "Defendants") it is hereby ORDERED, ADJUDGED, AND DECREED:

WHEREAS, on June 13, 2024, Plaintiff filed an action captioned *Fair Housing Justice Center v. Harbor View Senior Living Residence, LLC, et al.*, No. 24-cv-4535 (the "Action") in the United States District Court for the Southern District of New York (the "Court") against the Defendants ("the Action");

WHEREAS, pursuant to the Settlement Agreement dated January 16, 2025, and filed with the Court on January 17, 2025 (ECF No. 50-1) (the "Settlement Agreement"), Plaintiff has agreed to dismiss this case, in its entirety with prejudice;

WHEREAS, pursuant to the Settlement Agreement, Plaintiff and Defendants agreed that the Court shall have continuing jurisdiction to enforce the terms of the Agreement;

NOW THEREFORE:

1. To the fullest extent permitted under Rule 65 of the Federal Rules of Civil Procedure, Defendants and their principals, agents, servants, employees, successors, assigns and all other persons in concert and in participation with them, will be permanently enjoined from discriminating on the basis of disability, including the following:

   a. Making, printing, or publishing, or causing to be made, printed, or published a notice, statement, or advertisement, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination;

   b. Representing to any person that a dwelling is not available for inspection or rental when such dwelling is in fact available;

   c. Denying or withholding housing or otherwise making housing unavailable on the basis of disability;

   d. Discriminating in the terms, conditions, or privileges of rental;

   e. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford equal opportunity to use and enjoy a dwelling;

   f. Refusing to administer programs to qualifying individuals in a manner that does not discriminate against people with disabilities;

   g. Refusing to administer programs to qualifying individuals in a manner that provides people with disabilities equal access to benefits and services;

   h. Retaliating against Plaintiff in any manner for instituting this Action, or any individual for participating in this Action; and

     i.   Using criteria or methods of administration the purpose or effect of which would defeat or substantially impair the accomplishment of the objectives of their program or activity for qualified individuals with a particular disability.

2. Plaintiff and Defendants each agree that jurisdiction and venue for an action for contempt of this Consent Judgment exists in the United States District Court for the Southern District of New York. In such an action, Defendants shall waive any and all defenses based upon personal jurisdiction, subject matter jurisdiction, and venue.

3. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Action is hereby dismissed, with prejudice, as to Defendants, save that this Court shall retain jurisdiction over this Action, including, without limitation, over implementation of or disputes arising out of this Consent Judgment with regard to Defendants as well as all those falling within the scope of Rule 65(d)(2)(A)-(C) of the Federal Rules of Civil Procedure.

4. The terms of the Settlement Agreement are incorporated into this Order.

5. Plaintiff and Defendant shall each bear their own fees and costs, except as outlined by the Settlement Agreement.

6. Signatures to this Consent Judgment transmitted electronically or by facsimile shall be deemed original.

FOR PLAINTIFF:


PATTERSON BELKNAP WEBB & TYLER


By: */s/ Lisa A. Cleary*                                    Dated:  February 13, 2025
        Lisa A. Cleary
        Lachlan Campbell-Verduyn
        Joyce Nadipuram
        Saniya Suri
        1133 Avenue of the Americas
        New York, NY 10036
        Tel: 212-336-2000



MOBILIZATION FOR JUSTICE, INC.


By: */s/ Kevin M. Cremin*                                  Dated:  February 13, 2025
        Kevin M. Cremin
        Jota Borgmann
        100 Williams Street
        New York, NY 10038
        Tel: 212-417-3700

FOR DEFENDANTS:

HERRICK, FEINSTEIN LLP


By: */s/ Avery S. Mehlman*                                    Dated: February 13, 2025
      Avery S. Mehlman
      Two Park Avenue
      New York, NY 10016
      Tel: (212) 592-5985




SO ORDERED

Dated: February 14, 2025
      New York, New York

                                Hon. Katherine Polk Failla
                              United States District Judge